UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

**NATURES WAY MARINE, LLC,**

    **Plaintiff**

vs.                                                    Civil Action No. 12-316

**EVERCLEAR OF OHIO, LTD.
and NIRK MAGNATE HOLDING CORP.,**

    **Defendants.**

## COMPLAINT

**COMES NOW**, Plaintiff, Natures Way Marine, LLC (hereinafter "Natures Way"), by and through its attorneys, Henderson Dantone, P.A., would file this Complaint against Defendants, EverClear of Ohio, Ltd. (hereinafter "EverClear"), and Nirk Magnate Holding Corp. ("Nirk Magnate"), and in support thereof would state as follows:

### Parties

1. Plaintiff is an Alabama limited liability corporation with its principal place of business in Theodore, Alabama.

2. Defendant, EverClear of Ohio, Ltd. (hereinafter "EverClear"), is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business located at 3700 Oakwood Ave., Austintown, Ohio 44515. At all relevant times herein, EverClear was doing business within this judicial district. It may be served with process by serving its registered agent, David L. Herbert, 4450 Belden Village St., NW Suite 703, Canton, Ohio 44718.

3. Defendant, Nirk Magnate Holding Corp. (hereinafter "Nirk Magnate")is a corporation with its principal place of business located at 201 S. Biscayne Blvd., 28th FL, Miami, Florida 33131. At all relevant times herein, Nirk Magnate was doing business within this judicial district. It may be served with process by serving its registered agent, Jorge Mesa, 201 S. Biscayne Blvd., 28th FL, Miami, Florida 33131.

## Jurisdiction & Venue

4. This Court has jurisdiction and pursuant to 28 U.S.C.A. §1332 in that the Plaintiff and Defendants are citizens of different states, and the claims exceed $75,000.00.

5. Venue is proper in this Court in that the cause of action occurred or accrued within the Southern District of Alabama.

## Facts

6. On or about August 9, 2011, Natures Way entered into a Time Charter Contract with EverClear and Nirk Magnate in which Natures Way would provide the tank barge NWM 3009 with a calibrated capacity of 24,600 barrels; one tank barge calibrated at 10,500 barrel capacity; and an adequate towboat to move the barges from location to location as directed by charterers, EverClear and Nirk Magnate. Said Contract was performed in whole or in part within this judicial district. See a copy of the Time Charter Agreement attached hereto as Exhibit "A."

7. The Time Charter Agreement provided charter hire at $11.00 per barrel, with 24 hours free to load and 24 hours free to discharge. Charterer was also allowed six (6) free hours for locking and 24 hours for weather delay at the Gulf of Mexico, with all fleeting,

tug and tanker man chargers being for the charterer's account.  See Time Charter Agreement attached as Exhibit "A."

8. Demurrage was billed at $320.00 per hour for anything over the allotted free time as state above.  See Time Charter Agreement attached as Exhibit "A."

9. The period of the Time Charter Contract was for one year.  See Time Charter Agreement attached as Exhibit "A."

10. The Time Charter provided for a minimum cargo of spent lubes per month, with any additional barrels in excess of 30,000 being billed at the rate of $11.00 per barrel.  See Time Charter Agreement attached as Exhibit "A."

11. The parties agreed that owner would provide $55,000,000.00 of P&I insurance coverage.

12. The barges were presented for loading at the TransMontaigne dock on or about August 16, 2011.  The barges were not allowed to load because TransMontaigne required of $300,000,000.00 of P&I insurance coverage, and the coverage maintained by Natures Way and agreed to by Defendants was $55,000,000.00.

13. It was determined that the extra insurance coverage would cost $210,000.00.

14. The parties negotiated a resolution ending up with Natures Way being responsible for 35% of the extra expense, and the Defendants paying the remaining 65%.

## Invoiced Debt

15. Pursuant to the Time Charter, Natures Way has billed Defendants for charter hire, demurrage, and other expenses.  At the present time, there is due and owing from

EverClear $188,154.40, plus prejudgment interest from February 14, 2012. See a copy of the invoices attached hereto as Exhibit "B."

16. At the present time, Nirk Magnate is indebted to Plaintiff in the amount of $8,936.39, plus prejudgment interest from February 14, 2012. See a copy of the invoices attached hereto as Exhibit "C."

17. At all relevant times herein, Natures Way has substantially complied with its responsibilities under the Contract, and the Defendants are in breach of the Contract by defaulting in paying the charter hire and/or demurrage as provided for in the Contract.

### Loss Profits

18. The term of the Time Charter Contract was for one (1) year from the estimated date of August 25, 2011. The Time Charter Contract was terminated by Defendants' default in or about February 12, 2012. There were 193 days remaining in the term of the Contract. Plaintiff was earning a daily net profit under the Time Charter of $1,922.03 per day, making the total loss of future profits $386,601.79.

### Attorney Fees and Expenses

19. The Contract further provided that in the event either party violates or breaches the terms of the charter, and the other party hereto engages legal counsel for purposes of enforcing its rights and remedies hereunder, the non-defaulting party, in addition to any relief to which it may be entitled, would also be entitled in the event it prevails against the breaching party to recover all of the costs and expenses it incurs in

enforcing this charter and protecting its interest, including reasonable attorney fees and expenses.  See Time Charter Agreement attached as Exhibit "A."

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff, Natures Way Marine, LLC, prays that this Court renders judgment in its favor against Defendants, EverClear of Ohio, Ltd., and Nirk Magnate Holding Corp., in the amount of $583,692.58, plus prejudgment interest and reasonable attorneys fees and expenses as to be determined by this Court.

**RESPECTFULLY SUBMITTED**, this the 15th day of May, 2012.

                                            s/Frank J. Dantone
                                            **FRANK J. DANTONE, MSB #5792**
                                            **HENDERSON DANTONE, PA.**
                                            P. O. Box 778
                                            Greenville, MS 38702
                                            Telephone No. (662) 378-3400
                                            Facsimile No.   (662) 378-3413
                                            fjd@hdpa.com

                                            Attorney for Plaintiffs