IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NATURES WAY MARINE, LLC, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 12-0316-CG-M |
| | ) |
| EVERCLEAR OF OHIO, LTD. and NIRK MAGNATE HOLDING CORP., | ) |
| | ) |
|    Defendants. | ) |

## ORDER

This matter is before the court on the motion to dismiss/quash service filed by the defendant, Nirk Magnate Holding Corp. ("Nirk Magnate") (Doc. 47). Nirk Magnate seeks to dismiss the complaint filed by the plaintiff, Natures Way Marine, LLC ("Natures Way") pursuant to Federal Rule of Civil Procedure 12(b)(5), for insufficient service of process, or, in the alternative, to quash service. (Doc. 47). The parties have filed their briefs in support and opposition, and the matter is ripe for resolution. For the reasons stated below, the court finds that Nirk Magnate's motion to dismiss/quash service is due to be **DENIED**.

## ANALYSIS

Fed.R.Civ.P. 4(h) governs service of process upon a corporation. Rule 4(h), in turn, allows a plaintiff to serve a defendant in accordance with Rule 4(e)(1), which states that a party may be served by "following state law for

serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.R.Civ.P. 4(e)(1).  Because service in the instant case was made in Florida, the parties' arguments have centered on Florida law regarding service of process.

The Florida corporate service of process statute (§48.081) governs service of process on a corporation and requires strict compliance.  Mecca Multimedia, Inc. v. Kurzbard, 954 So.2d 1179, 1181 (Fla. 3rd DCA 2007) (citing S.T.R. Indus., Inc. v. Hidalgo Corp., 832 So.2d 262, 263 (Fla. 3d DCA 2002); York Commc'ns, Inc. v. Furst Group, Inc., 724 So.2d 678, 679 (Fla. 4th DCA 1999)).  "Absent strict compliance, the court lacks personal jurisdiction over the defendant corporation." York, 724 So.2d at 679.  Pursuant to § 48.081, a corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer, or a business agent residing in the state.  Fla. Stat. § 48.081(1)(a-d).  Nirk Magnate's president, vice president, and one of its two directors is Jorge Mesa ("Mesa").  (Doc. 48-1).

As an alternative to service of process upon the corporate officers, process may be served on the corporation's registered agent.  § 48.081(3)(a).  Mesa is also Nirk Magnate's registered agent.  See Doc. 48-1.  Under Florida's registered agent statute (§ 48.091), the registered agent's office must remain open from 10:00 a.m. to 12:00 p.m. each day except Saturdays,

Sundays, and legal holidays, and one or more registered agents on whom process may be served must be at the office during these hours. § 48.091(1)-(2).  See also S.T.R. Indus., Inc., 832 So.2d at 263; Richardson v. Albury, 505 So.2d 521, 522–523 (Fla. 2d DCA 1987).  In cases where service cannot be made on a registered agent because the corporation failed to comply with § 48.091, then service of process is permitted upon any employee at the corporation's principal place of business or upon any employee of the registered agent.  § 48.081(3)(a).  In cases where the corporation's principal place of business is a residence, or where the address provided for the registered agent, corporate officers, directors, or employees is a residence, then service on the corporation may be made in accordance with Florida's general service of process statute (§ 48.031)[1].  §48.081(3)(b).

In this case, the return of non-service indicated that, on October 2, 2012, between the hours of 10:00 a.m. and 12:00 p.m., a process server hired by Natures Way went to the address listed as Nirk Magnate's principal place of business on its 2012 Annual Report: 201 S. Biscayne Blvd., 28th Floor, Miami, Florida.  Doc. 50-2; Doc. 48-1.  There, the process server found that this address was a "virtual office" maintained by Regus Virtual Offices, and that no one from Nirk Magnate, including its president/vice-

---

[1] Florida's general service of process statute (§ 48.031) allows a plaintiff to serve the defendant personally by delivering to him a copy of the summons and complaint, or by leaving a copy of the summons and complaint at the defendant's usual place of abode with any person who resides there and who is 15 years of age or older, and by informing that person of their contents. Fla. Statute §48.031(1)(a).

3

president/registered agent, Jorge Mesa, actually had an office at that address.  Doc. 50-2 at 2.  Rather, Mesa "came around once in a while to pick up" Nirk Magnate's mail.  Id.  This constitutes a violation of §48.091, and therefore, the process server was permitted to serve process upon one of Nirk Magnate's employees.  § 48.091(3)(a).  However, since neither Nirk Magnate nor Mesa maintained an office at 201 S. Biscayne Blvd., there were no corporate employees and no employees of the registered agent available to receive copies of the summons and complaint.  (Doc. 50-2 at 2).

Two days later, on October 4, 2012, a process server hired by Natures Way went to a second address provided in Nirk Magnate's 2012 Annual Report: 6285 SW 98th Street, Miami, Florida.  Doc. 50-3 at 2; Doc. 48-1.  This address is Mesa's residence, and is listed in the annual report as Nirk Magnate's "current mailing address."  Doc. 48 at 2 (referencing Mesa's "apparent" place of abode); Doc. 48-1.  There, the process server served Mesa's daughter, Claudia, with a copy of the summons and complaint.  (Doc 50-3 at 3).  There is no dispute among the parties that Ms. Mesa is 15 years old or older, nor do the parties dispute that she resides at that address with her father.

Natures Way argues that, because the address was a residence, its process servers could serve Ms. Mesa in accordance with Florida's statute governing general service of process, § 48.031, which permits service upon a resident who is 15 years of age or older.  Doc. 50 at 5; see also Fla. Stat. §

4

48.081(3)(b); § 48.031.  Nirk Magnate, on the other hand, argues that service upon Ms. Mesa at the Mesa residence was insufficient because "a virtual office is not recognized by Florida statute § 48.081(3)(b) as one of the circumstances which allows a party to circumvent the procedure for service set forth under § 48.081(a)," and alleges that Ms. Mesa is not a corporate employee or resident agent's employee.  (Doc. 51 at 2).  Nirk Magnate also points to the fact that Florida law provides for strict construction of its service of process statutes.  (Doc. 51 at 2).

The Florida District Court of Appeal considered a similar question to the one posed here in TID Services, Inc. v. Dass, 65 So.3d 1 (Fla. 2d DCA 2010); i.e., the question of what happens when a corporation designates its registered address as a "private mailbox." Id. at *6.  The court noted that "[t]he registered agent is no more likely to be found at a private mailbox than at a post office box, but the private mailbox address generally gives the appearance—at least on paper—of a physical address for the registered office." Id.  The same can be said of the "virtual office" at issue in the instant case.  The Florida Legislature addressed the private mailbox problem by enacting § 48.081(3)(b). Id.  The enactment of this amendment to the corporate process statute "appears to have been intended to avoid the situation in which a corporation could—by listing a private mailbox—feign compliance with the statutory requirement but evade service of process by concealing the physical whereabouts of its registered agent, officers,

5

directors, and place of business." Id.  Ultimately, the Dass court held that the plaintiff, who served the person in charge of the private mailbox, did not perfect service of process.  Id.  The court's reasoning was that the plaintiff did not establish that the private mailbox was the only address discoverable through public records for the corporation, its officers, directors, or its registered agent.  Id. at *7.  Here, if Natures Way had sought to serve the person in charge of the virtual office at 201 S. Biscayne Blvd., the same issue would have arisen as in Dass, because Nirk Magnate's 2012 Annual Report lists another address for the corporation – Mesa's residence.

Thus, while Nirk Magnate is correct that § 48.081 requires strict compliance, its argument otherwise misses the mark.  Nirk Magnate listed its principal place of business as an office where no directors, officers, corporate employees, or its registered agent could be found.  In so doing, Nirk Magnate has effectively made it impossible for any plaintiff to strictly comply with § 48.081(1) or § 48.081(3)(a).  As stated above, if Natures Way sought to serve the person in charge at the virtual office, the Dass precedent suggests that such service would have been inadequate because another address exists for both the corporation and registered agent which was easily discovered by looking at the 2012 Annual Report.  See Dass at *7.  Because the second address listed on the Nirk Magnate Annual Report was a residence, then serving the corporation there in accordance with the general service of

6

process statute (§ 48.031) is precisely what § 48.081(3)(b) calls for, and what Natures Way did.

Accordingly, Nirk Magnate's motion to dismiss/quash service is hereby **DENIED**.

**DONE** and **ORDERED** this 18th day of January 2013.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE