IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NATURES WAY MARINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12-cv-316-CG-M |
| | ) | |
| EVERCLEAR OF OHIO, LTD., and | ) | |
| NIRK MAGNATE HOLDING CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

This matter is before the Court on the motion to alter or amend judgment filed by Everclear of Ohio, Ltd. ("Everclear"), and Nirk Magnate Holding Corp. ("Nirk") (collectively, "Defendants"). (Doc. 161, 162). Natures Way Marine, LLC ("Natures Way" or "Plaintiff") filed its response. (Doc. 165, 166). For the reasons stated below, the motion to alter or amend the judgment is **GRANTED**.

## DISCUSSION

Pursuant to Federal Rules of Civil Procedure, Rule 59(e), a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The decision whether to alter or amend a judgment is "committed to the sound discretion of the district judge." Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000) (quoting Am. Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238–39 (11th Cir. 1985)). Reconsideration is considered an "extraordinary"

remedy that the court should employ "sparingly." <u>Gougler v. Sirius Products, Inc.</u>, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citations omitted). Generally, courts have recognized three grounds that justify reconsidering an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. <u>Summit Medical Center of Ala., Inc. v. Riley</u>, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). In this case, Defendants timely filed their motion to alter or amend judgment "to correct errors of fact or errors of law contained in the Court's Order of August 12, 2014." (Doc. 162, p. 2).

Natures Way initiated this lawsuit against Defendants Everclear and Nirk. (Doc. 1). In its complaint, Natures Way alleged Defendants breached the charter agreement when they stopped paying charter hire and demurrage. (Doc. 1, pp. 3 – 4). Defendants answered and asserted a counterclaim against Natures Way. (Docs. 23, 53). Defendants filed a motion for partial summary judgment (Docs. 108, 109, 110), which Natures Way opposed, arguing, among other things, that a substantial issue of material fact existed as to whether Defendants ratified or waived any breach of contract. (Doc. 116, p. 18). This Court entered its order on August 12, 2014, denying Defendants' motion for partial summary judgment. (Doc. 143). Defendants now ask the Court to alter or amend its judgment concerning the issue of waiver, essentially arguing: (1) the Order procedurally prejudiced Defendants because they were not given notice and an opportunity to present evidence in support of their position on the issue of waiver (Doc. 162, pp. 4 – 5); and (2) the Court finding waiver of affirmative defenses is erroneous, improper, and outside the

adversarial issues presented. (Doc. 162, pp. 7 – 15). Defendants are not requesting that the Court alter or amend its judgment concerning the denial of their motion for partial summary judgment. (Doc. 162, p. 4).

First, the Court examines whether its Order resulted in procedural prejudice for Defendants on the issue of waiver. Reviewing the record, the Court notes Natures Way raised the issue of waiver in its response to Defendants' motion for summary judgment, albeit very briefly. (Doc. 116, pp. 18 - 19).[1] Defendants replied to this response, and also addressed the issue of waiver. (Doc. 120, pp. 11 – 13). Thus, the parties identified waiver as an important issue in this case and briefed it accordingly. As a result, the Court concludes that its determination of waiver did not result in clear procedural prejudice to Defendants. See, e.g., Fed. R. Civ. P. 56(c) – (f); Artistic Entm't, Inc. v. City of Warner Robins, 331 F.3d 1196, 1201 (11th Cir. 2003) (distinguishing between *sua sponte* grants of summary judgment in cases involving purely legal questions based on complete evidentiary records, and cases involving factual disputes where the non-moving party has not been afforded an adequate opportunity to develop the record). The Court is not altering or amending its judgment for this reason.

Second, the Court examines whether its finding of waiver is erroneous or improper. Defendants argue primarily that the Court should have simply denied their motion for partial summary judgment, rather than denying the motion and unilaterally finding waiver, an affirmative defense. (Doc. 162, pp. 7 – 9). In its response, Natures Way argues the Court's decision on waiver is not a clear error of

_____

[1] Natures Way also mentioned waiver as a defense earlier in the proceedings. (Doc. 38, pp. 6, 7).

law. (Doc. 166, p. 3). Natures Way further states it has "no objection" to the Court allowing the parties to file pleadings that set forth their legal arguments concerning waiver, or as treating the motion to alter or amend as Defendants' late-filed objection on the question of whether they waived, as a matter of law, their affirmative defenses. (Doc. 166, p. 7).

After careful consideration, to the extent this Court's Order determined waiver as a matter of fact or law, that determination is improper, and the Court also takes this opportunity to clarify jurisdiction and the laws applicable to this issue. This case involves breach of contract claims brought under diversity jurisdiction, and counterclaims brought under diversity jurisdiction and admiralty jurisdiction. (Doc. 1, p. 2; Doc. 23, p. 23; Doc. 53, p. 9). Many admiralty cases are not tried before a jury. St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc., 561 F.3d 1181, 1196 (11th Cir. 2009) (Wilson, J., concurring). But, as a case brought under diversity jurisdiction, the jury demand is appropriate here. Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 360 (1962) ("This suit being in the federal courts by reason of diversity of citizenship carried with it, of course, the right to trial by jury."); F.W.F., Inc. v. Detroit Diesel Corp., 494 F. Supp. 2d 1342, 1353 (S.D. Fla. 2007) (suits on maritime contracts may be brought in the federal courts under the head of diversity jurisdiction).

As a general rule, a federal district court sitting in a diversity case has the obligation to apply the law of the forum state. Erie R. R. v. Tompkins, 304 U.S. 64, 73 (1938). The Charter Agreement, however, is "governed by the general maritime

law of the United States and the proper venue for disputes shall be in the U.S. District Court, Southern District of Alabama." (Doc. 1, Exh. 1, p. 2). The parties agreed to, and do not dispute, this provision of the Charter Agreement.

In its Order, this Court stated that this case "falls under admiralty jurisdiction." (Doc. 143, p. 10). To clarify, this case is being tried pursuant to diversity jurisdiction, though general maritime law governs the Charter Agreement. Federal maritime law follows the general rules of contract construction and interpretation, with only a few exceptions. <u>U.S. ex rel. E. Gulf, Inc. v. Metzger Towing, Inc.</u>, 910 F.2d 775, 779 (11th Cir. 1990); <u>Marine Overseas Services, Inc. v. Crossocean Ship. Co., Inc.</u>, 791 F.2d 1227, 1234 (5th Cir. 1986). And as this Court noted, "[in] the absence of controlling statutory or judicially created maritime principles, courts may apply state law provided that the law does not thwart national interests in having uniform admiralty law. <u>Coastal Fuels Mktg., Inc. v. Florida Exp. Ship. Co.</u>, Inc., 207 F.3d 1247, 1251 (11th Cir. 2000)." (Doc. 143, p. 11).

Although maritime law and contract law recognize similar principles for breach of contract claims (Doc. 143, p. 11), this Court has not found authority on whether general maritime law considers waiving a breach of contract claim a question of fact or law.[2] Because the Court may use state law "in the absence of

---

[2] The Court cited two cases in its Order, both brought in admiralty, which mention waiver as a matter of law; but a jury is demanded in this case pursuant to diversity jurisdiction. Thus these cases are easily distinguished from the issue here. <u>Olsen v. Hunter-Benn & Co.</u>, 54 F. 530, 532 (S.D. Ala. 1892) (court discussing if, after knowledge of the breach, charterers received substantial benefit under the contract, they are not entitled to repudiate it); <u>U.S. Gypsum Transp. Co. v. Dampskibs Aktieselskabet Karmoy</u>, 48 F.2d 376, 378 (E.D.N.Y. 1930) aff'd, 54 F.2d 1086 (2d Cir. 1931) (finding as a conclusion of law that the charterer waived late delivery of the vessel by not objecting promptly).

controlling statutory or judicially created maritime principles," and it is sitting in diversity, the law of the forum state answers this question. See Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, 313 (1955) (finding state law applies if there is no well-established admiralty rule and there is no need to create one); Steelmet, Inc. v. Caribe Towing Corp., 779 F.2d 1485, 1488 (11th Cir. 1986).

Under Alabama law, waiver is generally a question of fact, which must be decided by a jury. A court may determine the issue of waiver if only one reasonable inference can be drawn from the evidence; otherwise waiver is not typically a question of law. See McMillan, Ltd. v. Warrior Drilling & Eng'g Co., 512 So.2d 14, 38 (Ala. 1986) ("Nevertheless, the viability of each of these defenses is a factual determination that must be left to the trier of fact unless only one reasonable inference can be drawn from the evidence.") (citations omitted). In this case, Natures Way stated in its response to Defendants' motion for partial summary judgment that substantial issues of material fact existed regarding whether Defendants waived any breach of contract claims. (Doc, 116, p. 18; Doc. 162, p. 6). Though the parties arguably put the issue before the Court through the motion for partial summary judgment and responses thereto, the Court agrees that a fact-finder may look at the evidence and draw other inferences regarding waiver. A jury, therefore, should ultimately decide this fact-based issue. Because this is a question for the jury, additional pleadings that set forth any legal arguments for waiver, mentioned as an option by Natures Way, are not needed.

Defendants point to case law in which the Eleventh Circuit "has noted, what is considered to be the 'facts' at the summary judgment stage may not turn out to be the actual facts if the case goes to trial, but those are the facts at this stage of the proceeding for summary judgment purposes." Cottrell v. Caldwell, 85 F.3d 1480, 1486 (11th Cir. 1996) (citations omitted). The Court agrees that Defendants and Natures Way must establish the facts concerning waiver at trial. When, exactly, Defendants learned that their third-party contract had been terminated is one of those facts. (Doc. 162, pp. 11 – 12, n. 5). Indeed, the parties must establish at trial all of the relevant facts surrounding their respective claims.

## CONCLUSION

Defendants' motion to alter or amend judgment is **GRANTED.** To the extent that this Court's Order dated August 12, 2014, found as a matter of fact or law that Defendants waived certain breaches of the Charter Agreement, that judgment is amended to allow a jury to decide the issue of waiver. Defendants' motion for partial summary judgment remains denied.

**DONE** and **ORDERED** this the 28th day of October, 2014.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE