IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NATURES WAY MARINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 12-316-CG-M |
| ) | |
| EVERCLEAR OF OHIO, LTD., ) | |
| and NIRK MAGNATE HOLDING ) | |
| CORP., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on Defendants' motion to exclude the testimony of Plaintiff's expert (Docs. 135, 136), Plaintiff's response in opposition (Doc. 142), and Defendants' reply (Doc. 146); and Plaintiff's motion to exclude the testimony of Defendants' expert (Docs. 142, 173, 174), and Defendants' response in opposition (Docs. 172). For the reasons explained below, the Court finds that Defendants' motion to exclude should be **GRANTED** and Plaintiff's motion to exclude should be **GRANTED**. Defendants' motion to strike Plaintiff's motion to exclude (Doc. 177) because it is redundant is **DENIED** as moot.

## I. Background

This case involves breach of contract claims arising out of a charter agreement. Natures Way Marine, LLC ("Plaintiff") entered into a charter agreement with Everclear of Ohio, Ltd. ("Everclear") and Nirk Magnate Holding Corp. ("Nirk Magnate") (collectively, "Defendants") to provide barges and towing

vessels sufficient to transport spent fuel oils ("lubes") from East Liverpool, Ohio to Avondale, Louisiana. (Doc. 1, Exh. 1). After the transaction soured, Plaintiff asserted a breach of contract claim against Defendants. (Doc. 1, p. 4). In response, Defendants raised counterclaims contending Plaintiff breached the contract. (Doc. 23, p. 9; Doc. 53, p. 8). Both parties now ask the Court to exclude the testimony of the opposing expert witness. (Docs. 135, 173).

## **II. Motions to Exclude Experts**

Defendants move to exclude the testimony of Plaintiff's expert, A. Clay Rankin, III, under Federal Rules of Evidence, Rule 702. (Doc. 136, p. 7). Plaintiff similarly moves to exclude the testimony of Defendants' expert, William Moore. (Doc. 174, pp. 5, 8, 10 – 11). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID 702. The rule compels district courts to analyze "the foundations of expert opinions to ensure they meet the standards for admissibility under Rule 702." United States v. Abreu, 406 F.3d 1304, 1306 (11th Cir. 2005) (quoting United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (internal quotation marks

2

omitted)). Accordingly, under Rule 702, "this Court has an obligation to screen expert testimony to ensure it stems from a reliable methodology, sufficient factual basis, and reliable application of the methodology to the facts." Whatley v. Merit Distrib. Servs, 166 F.Supp.2d 1350, 1353 (S.D. Ala. 2001) (citations omitted).

A district court judge must "act as a 'gatekeeper' for expert testimony, only admitting such testimony after receiving satisfactory evidence of its reliability." Dhillon v. Crown Controls Corp., 269 F.3d 865, 869 (7th Cir. 2001) (citing Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993)). However, "it is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." Quiet Technology DC–8, Inc. v. Hurel–Dubois UK Ltd., 326 F.3d 1333, 1341 (11th Cir. 2003). "[A] district court's gatekeeper role under Daubert is not intended to supplant the adversary system or the role of the jury." Id. (citing Maiz v. Virani, 253 F.3d 641, 666 (11th Cir. 2001)). "Quite the contrary, '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" Id. (quoting Daubert, 509 U.S. at 596).

A district court must engage in a "rigorous three-part inquiry" to determine the admissibility of expert testimony under Rule 702. Trial courts must consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

3

Frazier, 387 F.3d at 1260 (11th Cir. 2004) (quoting City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1999)). These requirements are known as the "qualifications," "reliability," and "helpfulness" prongs. See id.

Experts may satisfy the "qualifications" prong in various ways. While scientific training or education may provide possible means to qualify, experience in a field may offer another path to expert status. The plain language of Rule 702 makes this clear: expert status may be based on "knowledge, skill, experience, training, or education." The Rule 702 Advisory Committee Notes also explain, "Nothing in this amendment is intended to suggest that experience alone--or experience in conjunction with other knowledge, skill, training or education--may not provide a sufficient foundation for expert testimony." FED. R. EVID 702. advisory committee's note (2000 amends.). Of course, the observation that an expert may be qualified by experience does not mean that experience, standing alone, is a sufficient foundation for any conceivable opinion the expert may express. The "reliability" and "helpfulness" criteria remain discrete, independent, and important requirements for admissibility. Quiet Tech. DC-8, Inc., 326 F.3d at 1341, 1347.

For the "reliability" prong, "the proponent of the testimony does not have the burden of proving that it is scientifically correct," but must establish "by a preponderance of the evidence, it is reliable." Allison v. McGhan Medical Corp., 184 F.3d 1300, 1312 (11th Cir. 1999) (citing In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 744 (3d Cir. 1994)); see also Whatley, 166 F. Supp. 2d at 1354 ("the proponent of the expert testimony has the burden to establish by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied.") (citations

4

omitted). The question of whether an expert's testimony is reliable depends on the facts and circumstances of the particular case. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 158 (1999)). Factors that may be useful in determining reliability include:

> (1) whether the theory or technique can be (and has been) tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) in the case of a particular ... technique, the known or potential rate of error, and (4) whether the theory or technique is generally accepted by the relevant ... community.

Hendrix ex rel. G.P. v. Evenflo Co., Inc., 609 F.3d 1183, 1194 (11th Cir. 2010) (internal quotation marks and alterations omitted).

For the "helpfulness" prong, the court considers whether the expert testimony concerns matters that are beyond the understanding of the average layperson. See United States v. Rouco, 765 F.2d 983, 995 (11th Cir. 1985) (expert testimony admissible if it offers something "beyond the understanding and experience of the average citizen"). Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments. Frazier, 387 F.3d at 1262-63. Additionally, "[a]n opinion is not objectionable just because it embraces an ultimate issue." FED. R. EVID. 704. An expert may testify as to his opinion on an ultimate issue of fact. United States v. Delatorre, 308 Fed. Appx. 380, 383 (11th Cir. 2009). "Such opinions are properly admitted if they are based on the personal observations of the witness." Carter v. DecisionOne Corp. Through C.T. Corp. Sys., 122 F.3d 997, 1005 (11th Cir. 1997). An expert may not, however, testify about the legal outcomes or implications of certain conduct, which may include "legal opinions" and "legal conclusions." Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1112, n. 8 (11th

5

Cir. 2005) (noting courts "must remain vigilant against the admission of legal conclusions, and an expert witness may not substitute for the court in charging the jury regarding the applicable law") (citations and quotations omitted); see also Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990) (an expert may not offer an opinion about the scope of an insurer's duty under an insurance policy because "[t]his [i]s a legal conclusion"). Merely telling the jury what result to reach is unhelpful and inappropriate. Montgomery, 898 F.2d at 1541.

**A. A. Clay Rankin, III**

Defendants first contend Mr. Rankin is not qualified to testify as an expert because he does not have any "practical experience" other than working "as a lawyer to render the opinions he has offered in this case." (Doc. 136, p. 4). Defendants point out Mr. Rankin has no experience "dealing with the transportation of any kinds of goods or commodities out of East Liverpool, Ohio, or the oil terminal facilities in Avondale." (Doc. 136, p. 4). Mr. Rankin confirmed that he has not "done anything but be a lawyer since 1967." (Doc. 136, p. 5).

Rule 702 dictates that expert status may be based on experience alone. Frazier, 387 F.3d at 1295 (11th Cir. 2004) (citing FED. R. EVID 702). But after reviewing Mr. Rankin's qualifications, the Court finds that he does not have sufficient specialized experience to offer expert opinion testimony about this charter agreement. Mr. Rankin worked as a lawyer, with an emphasis on admiralty and maritime issues, yet he has no experience operating a tug, transporting fuel oil, or performing any of the actual work called for in the charter agreement. (Doc. 136, pp. 3 – 4). His skill, experience, training, and education as a lawyer does not make him

6

any more qualified to testify about a charter agreement breach than a layperson who has heard the evidence in this case and is provided jury instructions explaining the law. Cf. United States v. Paul, 175 F.3d 906, 912 (11th Cir. 1999) (excluding testimony of law professor because of limited experience). Accordingly, Mr. Rankin's testimony fails to satisfy the "experience" prong.

Defendants also contend Mr. Rankin's testimony consists of inadmissible legal opinions. (Doc. 136, pp. 4, 10). Although "the distinction between whether challenged testimony is either an admissible factual opinion or an inadmissible legal conclusion is not always easy to perceive," Hanson v. Waller, 888 F.2d 806, 811 (11th Cir. 1989), in this case that distinction is clear. Mr. Rankin is testifying that in his legal opinion, Defendants breached the charter agreement and waived certain defenses. (Doc. 136, pp. 3 – 5). Breaching the charter agreement and waiving affirmative defenses are the ultimate issues of law that the jury must decide, and simply telling the jury how to decide those issues is improper. Montgomery, 898 F.2d at 1541. Furthermore, Plaintiff does not dispute that Mr. Rankin gave his "legal opinions" based on his experience practicing law. (Doc. 142, p. 2). Instead, Plaintiff tries to argue that Mr. Rankin did not give any "legal conclusions," so his testimony is admissible. (Doc. 142, p. 2). Such word play is not persuasive. Mr. Rankin's opinions merely tell the jury what result to reach. Because Mr. Rankin's testimony amounts to nothing more than his legal opinions on the ultimate issues of law in this case, his testimony will not assist the jury. Mr. Rankin's testimony, therefore, also fails the "helpfulness" prong.

**B. William M. Moore**

Plaintiff asked the Court to exclude the expert testimony of William M. Moore. (Doc. 142, p. 5). Plaintiff contends Mr. Moore is lacking the qualifications and experience required to render opinions in this case. (Doc. 142, p. 5; Doc. 174, pp. 5 – 6). Plaintiff further states Mr. Moore "gave opinions concerning the ultimate issues" of the case, and "[o]pinions coming from an attorney are legal opinions." (Doc. 142, pp. 8, 13; Doc. 174, p. 8).

The Rule 702 Advisory Committee Notes help clarify the trial court's role in evaluating testimony like Moore's, which is based "primarily on experience." FED. R. EVID. 702 advisory committee's note (2000 amends.). According to the committee:

> If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. The trial court's gatekeeping function requires more than simply taking the expert's word for it. Id.

The plain language of Rule 702, as well as the Advisory Committee Notes, direct the court to examine expert testimony to ensure it stems from, not just a reliable methodology, but also a sufficient factual basis and reliable application of the methodology to the facts. Thus expert testimony must be "more than subjective belief or unsupported speculation." Daubert, 509 U.S. at 590.

After carefully reviewing the record, the Court concludes Mr. Moore's testimony does not satisfy the "helpfulness" prong discussed above, and it is questionable whether his experience qualifies him as an expert in this subject. Mr. Moore is an attorney, though Defendants argue he has "extensive practical operations based experience in the area of inland barge charter agreements." (Doc.

172, p. 2). Mr. Moore graduated from the United States Naval Academy and served in the Marine Corps before attending law school. (Doc. 172, Exh. 2, p. 1). Mr. Moore worked as a lawyer with "significant admiralty law and maritime representation" from 1978 until roughly 2009. (Doc. 172, p. 3; Exh. 2, p. 1). Since 2009, Mr. Moore has worked as a consultant to various companies that handle the movement of cargo in barges on inland waterways. (Doc. 172, p. 3). Defendants contend, "Mr. Moore offers opinions on the parties responsibilities under the Charter Agreement based on his hands-on operational experience." (Doc. 172, p. 5). Defendants further argue Mr. Moore did not base his opinions on "any law or treatises or books," but rather "on the negotiations between the parties prior to the execution of the Charter Agreement." (Doc. 172, p. 7).

Defendants, however, do not adequately explain how or why Mr. Moore's experience provides a sufficient basis for his expert opinion. Defendants emphasize that Mr. Moore did not base his opinions on law, but they do not connect his experience to his conclusions. Mr. Moore's deposition testimony similarly reveals that he gave his opinions about the charter agreement and related issues in this case without industry context. (Doc. 172, Exh. 1). At one point, Mr. Moore states he is basing his opinion simply on "reading the contract," but he does not tie his knowledge of the industry to any of the charter agreement terms. (Doc. 172, Exh. 1, p. 9). At another point, Mr. Moore states "I think the fact of having a barge with what their repair yard described as extensive wastage and multiple leaks indicates a complete failure to exercise due diligence," which is a factual inference that can easily be drawn by the jury. (Doc. 172, Exh. 1, p. 24). Later, Mr. Moore states that

9

he is basing his answer on "the nature of their negotiations." (Doc. 172, Exh. 1, p. 26). Again, this is a fact the jury can decide. While it is certainly true that an expert can testify about ultimate issues of fact, Mr. Moore's testimony simply echoes arguments that Defendants' attorneys can make at trial. Mr. Moore's opinions, therefore, are not helpful for the jury. See In re Air Crash Disaster at New Orleans, La., 795 F.2d 1230, 1233 (5th Cir. 1986) (urging the court "to insist that a proffered expert bring to the jury more than the lawyers can offer in argument").

Additionally, Mr. Moore does not present any data about the industry or related methodology for this Court to consider. He does not, for instance, say that he has worked on fifty charter agreements for spent lubes and forty-nine of them included an industry standard time is of the essence clause. Instead, Mr. Moore's opinions are cloaked in the fact that he works primarily as an attorney, and his opinions are aimed at telling the jury what verdicts to reach. As a result, Mr. Moore's testimony is improper and must be excluded.

## CONCLUSION

For the reasons stated above, Defendants' motions to exclude the expert testimony of A. Clay Rankin, III is **GRANTED** (Doc. 136), and Plaintiff's motion to exclude the expert testimony of William Moore is **GRANTED** (Doc. 142, 173). Defendants' motion to strike Plaintiff's motion to exclude (Doc. 177) is **DENIED as MOOT**.

**DONE** and **ORDERED** this 10th day of November, 2014.

/s/ Callie V. S. Granade
**UNITED STATES DISTRICT JUDGE**