# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| NATURES WAY MARINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 12-0316-CG-M |
| ) | |
| EVERCLEAR OF OHIO, LTD. and ) | |
| NIRK MAGNATE HOLDING ) | |
| CORP., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

This matter is before the Court on the defendants' objections (Doc. 158), to Plaintiff's amended list of damages (Doc 148), and Plaintiff's response (Doc. 164)

Defendants first object to the increase in the claim for lost profits from $441,702.00 given in Plaintiff's interrogatory responses to the current figure of "approximately $550,000.00." When the defendants deposed plaintiff's Executive Vice President concerning the claim for lost profits on February 7, 2014, Plaintiff agreed to provide a supplementation of its calculation for lost profits as well as backup for the calculations that were to be completed by the witness. Although the witness provided the new calculations to counsel for Plaintiff shortly after the deposition, due to error and inadvertence Plaintiff's counsel failed to forward the information to Defendants' counsel until August 13, 2014.

Defendants argue that Rule 37(c)(1), FED.R.CIV.P requires that the additional damage amount may not be use as evidence because the failure to disclose or supplement was neither substantially justified nor harmless. Plaintiff submits that the failure was substantially justified because it was not willful.  However,

> Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.  The proponent's position must have a reasonable basis in law and fact.  The test is satisfied if there is a genuine dispute concerning compliance.

Chapple v. Alabama, 174 F.R.D. 698 (M.D.AL 1997)(citations omitted).  There is no contention here that disclosure was not required, and therefor the failure to disclose was not substantially justified.

The Court finds, however, that because the disclosure was made more than three months prior to trial, and because Plaintiff offered to provide the backup documentation and make the witness available for further questioning under oath concerning the provided information, Defendants had ample opportunity the make the late disclosure harmless.  If Defendants failed to take advantage of Plaintiff's offer in that regard, they cannot now make a case that any harm they suffer is because of the tardy disclosure.

Accordingly, the motion to exclude contained in Defendants' objection to the amended list of damages is DENIED.

The remaining objections to the amended list of damages are based on arguments that should be made to the jury at trial and are not legal questions for the Court.

**DONE** and **ORDERED** this 14th day of November, 2014.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE