IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NATURES WAY MARINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 12-316-CG-M |
| ) | |
| EVERCLEAR OF OHIO, LTD., ) | |
| and NIRK MAGNATE HOLDING ) | |
| CORP., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Natures Way Marine, LLC ("Natures Way") filed a motion for pre-judgment interest, attorneys' fees, and litigation expenses. (Doc. 212, Exhs. 1 – 4). Everclear of Ohio, Ltd. ("Everclear") and Nirk Magnate Holding Corp. ("Nirk Magnate") (together, "Defendants") filed a response in opposition. (Doc. 213). Natures Way then filed a reply (Doc. 223, Exhs. 1 – 2),[1] and Defendants responded. (Doc. 224). The motion is now ripe for disposition. For the reasons explained below, the Court finds that Natures Way's motion for prejudgment interest, attorneys' fees, and litigation expenses should be **GRANTED IN PART** and **DENIED IN PART.**

## I. Background

---

[1]     Natures Way filed two replies. (Docs. 214, 216, 219, 221, 223). The Court allowed Natures Way to file a second reply after it filed its first reply in error. The Court then gave Defendants an opportunity to respond to the corrected, second reply. (Doc. 222).

Natures Way initiated this breach of contract action. Natures Way brought the case in diversity jurisdiction, though the parties agreed general maritime law governs the contract. (Doc. 1, p. 2; Exh. 1, p. 2). The complaint sought three forms of compensation based on Defendants' breach: 1) invoiced debt, 2) lost profits, and 3) attorneys' fees and expenses. (Doc. 1, pp. 3 – 5). Defendants answered and asserted breach of contract counterclaims against Natures Way. (Docs. 23, 53). The contract underlying the case includes a default provision, which reads:

> **Default:** In the event that either party hereto violates or breaches the terms of this Charter and the other party hereto engages legal counsel for purposes of enforcing its rights and remedies hereunder or otherwise protecting its interests in connection with this Charter, said nondefaulting party, in addition to all other relief to which it may be entitled, shall also be entitled, in the event of [sic] it prevails against the breaching party, to recover all of the costs and expenses it incurs in enforcing this Charter and protecting its interests, including its reasonable attorneys' fees and expenses.  (Doc. 1, Exh. 1, p. 1).

The parties tried this case before a jury in November 2014. (Doc. 209). The trial lasted six days. (Doc. 209). During the trial, Natures Way presented its breach of contract claim,[2] and Defendants presented their breach of contract counterclaims. The jury found in favor of Natures Way on its claim for invoiced debt, and awarded it $205,512.00. (Doc. 209, Exh. 1, p. 3). The jury did not find that Defendants proved their affirmative defenses to overcome Natures Way's breach of contract claim. (Doc. 209, Exh. 1, p. 2).

---

[2]    The Court granted Defendants' motion in limine to exclude evidence of the alleged lost profits and outside towing damages. (Doc. 210, p. 3). Thus the jury did not award Natures Way any damages for its lost profits claim.

The jury also found Defendants proved two of their breach of contract counterclaims, but decided Natures Way proved its affirmative defense of waiver to overcome Defendants' counterclaims.[3] (Doc. 209, Exh. 1, pp. 3 – 4). As a result, the jury did not award Defendants any compensatory damages. (Doc. 209, Exh. 1, p. 4).

Natures Way now seeks post-trial recovery of attorney's fees, expenses, and prejudgment interest. In its initial post-trial motion, Natures Way claimed it is entitled to recover $226,286.26, consisting of prejudgment interest in the amount of $43,465.78, attorneys' fees and expenses in the amount of $148,727.33, and expert fees in the amount of $34,093.15. (Doc 212, pp. 2 – 4). In their first response, Defendants argue 1) Natures Way is not entitled to recover fees and expenses because it is not a "nondefaulting party" under the terms of the contract, (Doc. 213, p. 4), 2) Natures Way has not established that the requested attorneys' fees are reasonable, (Doc. 213, pp. 9 – 18), 3) Natures Way is not entitled to recover its expert fees because the Court excluded the expert witnesses, (Doc. 213, pp. 18 – 20), 4) Natures Way should not be awarded prejudgment interest because of the peculiar facts presented in this case, and Natures Way cites the incorrect prejudgment interest statute, (Doc. 213, pp. 21 – 25), and 5) the Court should not award

---

[3]     A waiver occurs when there is an intentional relinquishment of a known right. <u>Edwards v. Allied Home Mortg. Capital Corp.</u>, 962 So. 2d 194, 208 (Ala. 2007).

Natures Way expenses or costs because it did not provide the required documentation for such an award. (Doc. 213, p. 26).

In its reply, Natures Way reduced the amount of its request to $214,704.61 to address some of the issues Defendants raised in their response. (Doc. 223, Exh. 1, p. 3; Doc. 224, p. 2). Natures Way acknowledged it used the incorrect interest rate for its prejudgment interest calculation (Doc. 223, p. 15), and included a few incorrect time entries in its earlier motion. (Doc. 223, Exh. 1, p. 3). Defendants maintain Natures Way is not entitled to attorneys' fees, and raise an additional argument in their second response concerning attorneys' fees for work performed by an attorney who is not licensed to practice in Alabama or admitted in this district. (Doc. 224, p. 12). The arguments raised in the motion, responses, and replies are addressed below.

## II. DISCUSSION

### A.  Natures Way is the Prevailing Party

A "prevailing party" is a party in whose favor a judgment is entered. Buckhannon Bd. & Care Home, Inc. v. W. Va Dep't of Health & Human Res., 532 U.S. 598, 603 (2001), superseded by statute 5 U.S.C. § 552(a)(4)(E)(ii), Open Government Act of 2007, Pub.L. 110–175,121 Stat. 2524 (2007), as recognized in Warren v. Colvin, 744 F.3d 841, 845 (2d Cir. 2014) (further expanding definition of prevailing party as it pertains to Freedom of Information Act actions). Even an award of nominal damages suffices under

this test. See Farrar v. Hobby, 506 U.S. 103 (1992);[4] see also Hanrahan v. Hampton, 446 U.S. 754, 757  (1980) (prevailing party must establish its entitlement to some relief on the merits of its claims, either in the trial court or on appeal). Here, Natures Way prevailed at trial when the jury awarded it $205,512 for its breach of contract claim, and found Natures Way proved its affirmative defense of waiver.

"The prevailing party in an admiralty case is not entitled to recover its attorneys' fees as a matter of course." Natco Ltd. P'ship v. Moran Towing of Fla., Inc., 267 F.3d 1190, 1193 (11th Cir. 2001) (citing Noritake Co., Inc. v. M/V Hellenic Champion, 627 F.2d 724, 730 (5th Cir. 1980)). Generally, the "American Rule" requires each party to pay its own attorney's fees. Smith v. GTE Corp., 236 F.3d 1292, 1305 (11th Cir. 2001) (citing Ex Parte Horn, 718 So. 2d 694, 702 (Ala. 1998)). There are exceptions to the general rule precluding recovery of attorneys' fees. Attorneys' fees may be awarded to the prevailing party in maritime cases if: "(1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees." Natco, 267 F.3d at 1193; see also Coastal Fuels Mktg., Inc. v. Fla. Express Shipping Co., 207 F.3d 1247, 1250 (11th Cir.

---

[4]       However, in some circumstances such a "prevailing party" should still not receive an award of attorney's fees. See Farrar v. Hobby, at 115–16.

2000) ("A party is not entitled to attorney's fees in an admiralty case unless fees are statutorily or contractually authorized.") (citation omitted).

In this case, a contract provision awards attorneys' fees to the nondefaulting party that prevails against the breaching party. (Doc. 1, Exh. 1, p. 1). Thus the issue is whether Natures Way is entitled to attorneys' fees as a "nondefaulting" party that "prevailed" at trial. Natures Way argues it should receive attorneys' fees because it is the prevailing party, exemplified by the jury verdict awarding it damages for its claim. (Doc. 223, pp. 4 – 5). Defendants rebut this position and argue Natures Way is not entitled to recover attorneys' fees because it is also a defaulting party. "As noted in the verdict, the jury specifically found that Natures Way breached the Charter Agreement by (1) 'failing to timely deliver barges to East Liverpool for the first shipment of recycled fuel oil,' and (2) 'failing to complete the round-trip between East Liverpool and Avondale within 26 to 28 days, as necessary for Natures Way to make the twelve (12) monthly round trips required by the Charter Agreement, within the one year term of the agreement.'" (Doc. 213, pp. 6 – 7). Defendants cite a Delaware case to support their argument that Natures Way is a defaulting party that is not entitled to attorneys' fees under the default provision found in the contract. (Doc. 213, p. 7, citing Dittrick v. Chalfant, CIV.A. 2156-S, 2007 WL 1378346, (Del. Ch. May 8, 2007)). Defendants also point to Jet Sales of Stuart, LLC v. Jet Connection Travel,

GMBH, 240 Fed. App'x 839 (11th Cir. 2007) for this proposition. (Doc. 224, pp. 6 – 9).

Whether a contract is ambiguous is a question of law for the trial court. Mega Life & Health Ins. Co. v. Pieniozek, 516 F.3d 985, 991 (11th Cir. 2008) (citation omitted). A court interpreting a contract should give the words of the contract their plain and ordinary meaning. Id. Additionally, "[t]he traditional rule of construction in admiralty cases is to construe the contract language most strongly against the drafter…." Edward Leasing Corp. v. Uhlig & Assocs., Inc., 785 F.2d 877, 889 (11th Cir. 1986) (citations and quotations omitted).

In this case, the default provision includes the word "nondefaulting," which could suggest Natures Way should not receive attorneys' fees because the jury found Natures Way breached the contract, and thus "defaulted." But the jury verdict must be read as a whole. The jury decided Natures Way proved its affirmative defense of waiver. The affirmative defense of waiver means Defendants excused Natures Way's otherwise wrongful actions, and wanted Natures Way to continue to perform its part of the bargain. As a result, the Court does not find Defendants' argument on this point persuasive. Natures Way prevailed on its breach of contract claim and on its affirmative defense.

Similarly, the default provision in the contract must be read as a whole. The provision states the "nondefaulting party… shall also be entitled,

7

in the event of [sic] it prevails against the breaching party, to recover all costs and expenses … including its reasonable attorneys' fees and expenses." (Doc. 1, Exh. 1, p. 1). Giving the words of the contract their plain and ordinary meaning, the default provision provides that the party that prevails against the breaching party is entitled to recover its reasonable attorneys' fees and expenses. (Doc. 1, Exh. 1, p. 1). The mere use of the word "nondefaulting" does not change the entire meaning of this provision.

Additionally, Jet Sales and Dittrick are distinguishable from this case. First, the contract language in each case varies – albeit slightly. See Jet Sales, 240 Fed. App'x at 841; Dittrick, 2007 WL 1378346 at *1;. Second, as the Dittrick court observes, it is possible for a party to a contract to materially perform, and thus even if it technically "defaults" it could theoretically meet its contractual obligations. 2007 WL 1378346 at *2 ("The contractual discussion of a 'defaulting party' and 'nondefaulting' party necessarily contemplates exactly what it says – that attorneys' fees are only available if one party has not fully (or, at least, not materially) met its obligations, while the other has."). Finally, in both cases, the courts did not find one party prevailed over the other. Rather, the cases were essentially a draw. Jet Sales, 240 Fed. App'x at 841 ("Per the Court's findings, there was no 'Defaulting Party.'"); Dittrick, 2007 WL 1378346 at *2 (finding one party

"no more in default" than the other for non-performance).[5] Here, the jury awarded Natures Way compensation for its invoiced debt claim, and concluded Defendants waived their breach of contract claims. As the prevailing party, Natures Way is entitled to its reasonable attorneys' fees under the terms of the contract.

## B. Reasonable Attorneys' Fees

Generally, the determination of reasonable attorneys' fees begins with a determination of the reasonable hourly rate multiplied by the "hours reasonably expended." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). "The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." Id. (internal citations and quotation omitted). When making this "lodestar" determination, the Court may consider the twelve factors identified in Pharmacia Corp. v. McGowan, 915 So. 2d 549, 552–53 (Ala. 2004) (quoting

---

[5]     Furthermore, where an action involves a counterclaim, the party that obtains the net judgment is generally considered the "prevailing party" for purposes of awarding attorneys' fees. See Coastal Fuels Mktg., Inc. 207 F.3d at 1251 (discussing attorneys' fees and whether the contractual provision which provides for attorneys' fees should be construed to allow the party that was successful on all but one minor issue to recover fees). A court may refuse to award attorneys' fees where a contractual provision grants attorneys' fees to the prevailing party if both parties breached the terms of the agreement, but it is not obligated to do so. See, e.g., Walton Gen. Contractors, Inc./Malco Steel, Inc. v. Chicago Forming, Inc., 111 F.3d 1376, 1384 – 85 (8th Cir. 1997) (affirming district court ruling that denied attorneys' fees because jury found both parties breached the subcontract, and awarded damages to each at trial).

Van Schaack v. AmSouth Bank, N.A., 530 So. 2d 740, 749 (Ala. 1988)). These

factors are:

> (1) the time and labor required; (2) the novelty and difficulty of
> the questions; (3) the skill required to perform the legal services
> properly; (4) the preclusion of other employment by the attorney
> due to acceptance of the case; (5) the customary fee in the
> community; (6) whether the fee is fixed or contingent; (7) time
> limitations imposed by the client or circumstances; (8) the
> amount involved and the results obtained; (9) the experience,
> reputation, and ability of the attorneys; (10) the 'undesirability'
> of the case; (11) the nature and length of the professional
> relationship with the client; and (12) awards in similar cases. Id.

After the lodestar is determined by multiplication of a reasonable

hourly rate times hours reasonably expended, the court must next consider

the necessity of an adjustment for results obtained. If the party achieved an

excellent result, then the court should compensate for all hours reasonably

expended. Popham v. City of Kennesaw, 820 F.2d 1570, 1578 (11th Cir. 1987).

If the party achieved limited success, then the court may reduce the amount

of fees that is reasonable in relation to the results obtained. Hensley v.

Eckerhart, 461 U.S. 424, 436–37 (1983). In doing so, the court may attempt to

identify specific hours spent in unsuccessful claims, or it may simply reduce

the award by some proportion. Id.

Natures Way has the burden of supplying the court with sufficient

evidence from which the court can determine the reasonable hourly rate for

the attorneys and staff who worked on the litigation. Norman v. Hous. Auth.

of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). A reasonable

hourly rate is often "the prevailing market rate in the relevant legal

community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Garrett Investments, LLC v. SE Prop. Holdings, LLC, 956 F. Supp. 2d 1330, 1339 (S.D. Ala. 2013). In that regard, "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." Norman, 836 F.2d at 1299 (citation omitted). When reviewing attorneys' fees, the court may rely upon its own "knowledge and experience" to form an "independent judgment" as to a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (citing Norman, 836 F.2d at 1303); see also Garrett Investments, LLC, 956 F. Supp. 2d at 1340 – 41 (compiling market rates for attorneys with varied amounts of experience).

Here, Natures Way relies upon the affidavits of two attorneys, Mr. Frank Dantone and Mr. Edward Lamar, who performed work on its behalf to support its claim for attorneys' fees. (Doc. 212, Exh. 3; Doc. 223, Exhs. 1 – 2). Mr. Dantone's affidavit states that he is an admiralty lawyer with more than 35 years experience. (Doc. 212, Exh. 3, p. 2). The affidavit does not address whether the rates charged, specifically $195 per hour, are in accord with the prevailing market rates in the Southern District of Alabama. Rather he states his rates are "reasonable and customary for the services" provided. (Doc. 223, Exh. 1, p. 3). Relying on its own knowledge and experience, the Court finds that in this district an hourly rate of $195 is reasonable for an attorney with more than 35 years experience. Thus after reviewing the

motion and exhibits, the Court finds that an appropriate, reasonable rate for Mr. Dantone is **$195 per hour**.

In its initial motion for attorneys' fees, Natures Way included invoices for three timekeepers ("LBH", "NRJ", and "EDL") that were not named or otherwise identified as assistants, paralegals, or attorneys. (Doc. 212, Exh. 2). Natures Way subsequently identified "EDL" as Edward Lamar in its response. (Doc. 223, p. 11; Exh. 2). Mr. Lamar submitted an affidavit explaining that he is a licensed maritime attorney in Mississippi with more than 33 years experience. (Doc. 223; Exh. 2). Mr. Lamar also charges $195 per hour. (Doc. 223, Exh. 2, pp. 2 – 3).  Mr. Lamar further states he spent 123.2 hours working on this case, compared to the 502.8 hours billed by Mr. Dantone.[6] As Defendants note, however, Mr. Lamar is not admitted in Alabama, nor did he file a motion to appear *pro hac vice*.[7] (Doc. 224, p. 12); LOCAL RULE 83.5; <u>cf.</u> <u>Martin & Martin v. Jones</u>, 541 So. 2d 1, 1 (Ala. 1989) ("[A]n unlicensed attorney should be estopped from enforcing a contract to provide legal services.").[8] Based on his extensive time entries and his in-

---

[6]    In contrast, Mr. Danton's affidavit states he worked 506.90 hours on this case, and Mr. Lamar worked 125.10 hours. (Doc. 223, Exh. 1, p. 3). The Court is using the smaller figures.

[7]    Mr. Dantone filed a motion to appear *pro hac vice*, which the Court granted. (Docs. 2, 7).

[8]    Although not binding in this circuit, the Court finds the reasoning of other circuits helpful on this point. The Ninth Circuit has held that an out-of-state attorney can recover fees for work so long as the attorney (1) was eligible to be admitted *pro hac vice* as a matter of course, or (2) did not "appear" before the court. <u>Winterrowd v. Am. Gen. Annuity Ins. Co.</u>, 556 F.3d 815, 822–23 (9th Cir. 2009). In <u>Winterrowd</u>, the out-of-state attorney's role

person appearance, the Court concludes Mr. Lamar actively participated in this case and appeared before this Court without proper admittance. Thus after reviewing Mr. Lamar's time entries, the Court, in its discretion, **reduces his billable time by 50%.** The Court finds that an appropriate, reasonable rate for Mr. Lamar is **$195 per hour**, and he can recover only for 61.6 hours billed.

The Court is not obligated to research the names and qualifications of the two remaining timekeepers for the benefit of the fee applicant. Mr. Dantone's revised affidavit alleviates some of the problem by stating he "deleted 19.6 hours . . . from the statements of Henderson Dantone, P.A. for the time of our firms [associates], and for time which was mistakenly charged this litigation by our staff." (Doc. 223, Exh. 1, p. 3). Regardless of the time entries removed, the Court finds that an appropriate, reasonable rate for the unidentified timekeepers ("LBH" and "NRJ") is **$0.00 per hour.**

---

was limited to "advising [California lead counsel]," "reviewing pleadings," and "minimal, nonexclusive contact with the client." Id. 556 F.3d at 823–24. Similarly, courts in the Third Circuit examine whether an out-of-state attorney plays a "consulting role" or "actively participates" in the case. See Bilazzo v. Portfolio Recovery Assoc., 876 F. Supp. 2d 452 (D. N.J. 2012). Other courts have also mulled over this question, deciding "[t]he court believes that it possesses the authority to reduce the fees sought by attorneys who are found to be practicing law in this district without being licensed." Mortenson v. Barnhart, No. CA 2:07-1621-JFA, 2009 WL 4267218, at *3 (D.S.C. Nov. 24, 2009) aff'd in part sub nom. Mortensen v. Astrue, 428 Fed. App'x 248 (4th Cir. 2011) and aff'd in part, vacated in part sub nom. Priestley v. Astrue, 651 F.3d 410 (4th Cir. 2011).

Natures Way also has the burden of establishing reasonable hours. <u>Lee v. Krystal Co.</u>, 918 F. Supp. 2d 1261, 1266 (S.D. Ala. 2013). Reasonable hours are established through billing statements or invoices that state with sufficient particularity the nature of the work performed and by whom so the court may determine the reasonableness of the time expended. And if fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary. <u>Norman</u>, 836 F.2d at 1301. "Courts are not authorized to be generous with the money of others." <u>ACLU of Ga. v. Barnes</u>, 168 F.3d 423, 428 (11th Cir. 1999).

As aforementioned, the invoices submitted for the two unnamed timekeepers are not sufficient. Thus any fees for the unidentified timekeepers are not recoverable. Additionally, there are time entries included on the invoices that do not appear related to this lawsuit because they name other parties and legal issues that are not part of this case. (Doc. 212, Exh. 2, pp. 7, 14 – 15). Natures Way's reply addresses some of these errors, but it did not identify exactly which time entries it deleted. (Doc. 223, Exh. 1, p. 3). To be sure, these unrelated fees are not recoverable. The remaining attorneys' fees are reviewed to ensure "excessive, redundant or otherwise unnecessary" hours are excluded from the amount claimed. <u>Norman</u>, 836 F.2d at 1301.

It is difficult to determine the hours spent on excessive, redundant, or unnecessary tasks because the invoices submitted include several charges

that are inappropriately block billed. (Doc. 212, Exh. 2). For instance, a charge in March 2014 bills six hours for an "Office Conference with Chris Hume and Fred Helmsing regarding deposition of experts" and "Return to Greenville," without stating which amount of time is attributable to the conference or travel.[9] (Doc. 212, Exh. 2, p. 19). Another charge on March 7, 2014 bills eight hours for "Office Conference with clients" and "Return to Greenville" and "Telephone Conference with Fred Helmsing and Chris Hume regarding deposition of Jorge Mesa." (Doc. 212, Exh. 2, p. 19). Again, within this eight-hour block of time there is no indication of the amount of time spent on travel or the time spent on the office conference or telephone conference. On August 12, 2014, there is an eight-hour charge for "Preparation for final pretrial conference" and "Conference with attorneys" and "Attend pretrial conference." (Doc. 212, Exh. 2, p. 24). The pretrial conference took place at 1:00pm that day, and it did not last long. How counsel calculated this figure is unclear. There is also an eight hour charge simply for "trial prep re: jury instructions" on November 20, 2014. (Doc. 212, Exh. 2, p. 29). Because of the block billing issues throughout the invoices, the Court finds a 10% reduction in the attorneys' hours appropriate. See Krystal Co., 918 F. Supp. 2d at 1271 (a court faced with unreasonable hours "has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut.") (citations omitted).

---

[9]     Natures Way elected to hire counsel located in Greenville, Mississippi, which is roughly 300 miles from Mobile, Alabama.

Natures Way provided the Court with two sets of numbers for time billed by each of its attorneys. (Doc. 223, Exhs. 1, 2). The Court has elected to use the somewhat smaller figures provided in Mr. Lamar's affidavit. After a thorough review of the time sheets submitted for Natures Way and considering the twelve factors set forth in Pharmacia Corp., the Court concludes Mr. Dantone reasonably worked 502.8 hours taking this case to trial. As mentioned above, Mr. Lamar's recoverable time is limited to 61.6 hours. Together, this amounts to 564.4 billable hours at the rate of $195 per hour. This sum is reduced by 10% to address the block billing issues. The **lodestar amount** for Natures Way is therefore $99,052.20 ($195 multiplied by 507.96 hours).

When a party achieves limited success at trial, the Court may reduce the amount of reasonable attorneys' fees. Hensley, 461 U.S. at 436–37; Norman, 836 F.2d at 1301 (stating the district court *must* deduct time spent on discrete or unsuccessful claims) (emphasis added). In this case, Natures Way sought $747,000.90 in damages prior to trial, $550,000 of which represented its lost net profits. (Doc. 170, Exh. 11, p. 1). Ultimately, Natures Way sought only $260,000 in lost profits and $205,512 in invoiced debt. (Doc. 213, pp. 15 – 16). The jury awarded Natures Way $205,512 for the invoiced debt. (Doc. 212, p. 1). Natures Way thus received approximately 30% of the damages it sought pre-trial. (Doc. 170, Exh. 11). Put differently, Natures Way

prevailed on one of its two claims for compensatory damages (claiming damages for lost profits and invoiced debt).

The motion, reply, and corresponding invoices do not attempt to identify the amount of time spent on seeking damages for lost profits or invoiced debt. (Doc. 212, Exh. 2). The two claims for damages, however, are interrelated both factually and legally as against the two Defendants. Therefore, it is likely Mr. Dantone and Mr. Lamar worked on the claims and legal issues involving both Defendants at the same time.

After scrutinizing the limited success Natures Way obtained at trial, the Court finds it appropriate to further reduce Natures Way's attorneys' fees.[10] Therefore, the Court further reduces the hours worked by 30%, from 507.96 hours to 355.57 hours. See St. Fleur v. City of Fort Lauderdale, 149 Fed. App'x 849, 853 (11th Cir. 2005) ("the district court abused no discretion in reducing Plaintiff's total hours claimed by 30 percent"). Natures Way's request for reasonable attorneys fees' is thus **GRANTED** and limited to **$69,336.15** ($195 multiplied by 355.57 hours).

### C. Expert Witness Fees

---

[10] The Court also notes that the fees and expenses initially sought by Natures Way are more than the total amount it received at trial, making the fees and expenses appear grossly disproportionate. See, e.g., Cragen v. Barnhill, 859 F. Supp. 566, 574 (N.D. Fla. 1994) (discussing the gross disproportion between the amount of damages sought by plaintiff and that which was actually awarded).

Natures Way seeks $34,093.15 in expert witness fees. Natures Way hired Clay Rankin, an attorney, for expert witness services. (Doc. 212, p. 4). The Court excluded Mr. Rankin as an expert. (Doc. 178, pp. 6 – 7). Therefore, he did not participate in the trial.

An Alabama "trial court does not have the discretion to award fees for expert witnesses unless a statute authorizes the recovery of such fees." Se. Envtl. Infrastructure, L.L.C. v. Rivers, 12 So. 3d 32, 52 (Ala. 2008) (internal quotations omitted); see also Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987) ("We hold that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920."). Natures Way has not pointed to a statute supporting an award of expert witness fees, nor has it shown how this expert witness fee is "a component of otherwise compensable attorneys fees[.]"Se. Envtl. Infrastructure, L.L.C., 12 So. 3d at 52. (internal quotations omitted).

Furthermore, Natures Way does not highlight language in the contract that supports awarding fees for expert witnesses. Instead, Natures Way argues the default provision is "so broad" it must be interpreted to include expert witness fees. (Doc. 223, p. 12). The Court, however, must construe the language of the contract against Natures Way as the party that drafted it. Natco Ltd. P'ship, 267 F.3d at 1194. There is nothing in the contract that suggests the parties here contemplated awarding expert witness fees to the

prevailing party when they negotiated the contract. Therefore, Natures Way's request for expert fees is **DENIED**.

### D. Prejudgment Interest

Absent extraordinary circumstances, prejudgment interest is typically awarded in maritime cases. Miss Janel, Inc. v. Elevating Boats, Inc., 725 F. Supp. 1553, 1571 (S.D. Ala. 1989) (citation omitted). Natures Way initially argued it is entitled to an award of prejudgment interest at the rate of 7.5% per year. (Doc. 212, p. 3).[11] In its reply, Natures Way corrected the interest rate it cited and adjusted it downward to 6% per year. (Doc. 223, pp. 14 – 15). Regardless of the incorrect citation, the Court determines Natures Way is entitled to prejudgment interest. Defendants do not convince this Court that peculiar or extraordinary facts exist in this case that preclude an award of prejudgment interest. Indeed, the parties simply disagreed about the merit of their breach of contract claims. City of Milwaukee v. Cement Div., Nat. Gypsum Co., 515 U.S. 189, 198 (1995) (observing "the existence of a legitimate difference of opinion on the issue of liability is merely a characteristic of most ordinary lawsuits. It is not an extraordinary circumstance that can justify denying prejudgment interest.").

---

[11]    Natures Way reached this number by relying on the interest rate set forth in Alabama Code Section 8-8-10. Defendants noted correctly that this is the wrong interest rate. (Doc. 213, p. 25, n. 14). Section 8-8-10 controls post-judgment interest. Alabama Code Section 8-8-1 determines prejudgment interest. See Burgess Min. & Const. Corp. v. Lees, 440 So. 2d 321, 338 (Ala. 1983).

Prejudgment interest awards, however, are not automatic. Id. at 196. "The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss." Id. at 195. Additionally, [a]dmiralty courts enjoy broad discretion in setting prejudgment interest rates." Gator Marine Serv. Towing, Inc. v. J. Ray McDermott & Co., 651 F.2d 1096, 1101 (5th Cir. 1981). "In determining the appropriate rate of interest . . . , the court is mindful that pre-judgment interest is awarded solely as compensation for the harm done." Anderson v. McAllister Towing & Transp. Co., 94 F. Supp. 2d 1273, 1276 (S.D. Ala. 2000); see also Sunderland Marine Mut. Ins. Co. v. Weeks Marine Const. Co., 338 F.3d 1276, 1280 (11th Cir. 2003) (upholding pre-judgment interest based on prime interest rate in maritime collision case).

Natures Way cancelled the contract at issue in February 2012 because of Defendants' breach. Since February 2012, interest rates have not reached six percent. The Court therefore finds the average Treasury bill rates for the period in question provide a more accurate amount of pre-judgment interest owed. See Gator Marine Serv. Towing, Inc., 651 F.2d at 1101 (admiralty courts may look to the judgment creditor's actual cost of borrowing money, to state law, or to other reasonable guideposts indicating a fair level of compensation) (citations omitted). Noting that the average annual interest rate on U.S. Treasury bonds from February 2012 until present has been 3.25%, the Court finds the appropriate prejudgment interest rate that will

compensate Natures Way is 3.25%. As a result, Natures Way's request for pre-judgment interest is **GRANTED** and it will accrue annually at 3.25% from February 12, 2012 until the date judgment is entered.

### E. Expenses

Although the contract states that the prevailing party is entitled to recover its attorneys' fees, costs, and expenses, the Court must still determine that those amounts are reasonable. Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995) (stating that a "party need not prevail on all issues" in order to qualify as a prevailing party and receive costs under FED. R. CIV. P. 54). Natures Way seeks an unspecified amount of expenses and costs. The expenses are lumped generally into the claim for $148,727.33, which is "the total amount of attorneys' fees and expenses as invoiced by Henderson Dantone, P.A." (Doc. 212, p. 4).

In this case, Natures Way failed to provide adequate documentation to support their claimed expenses. See Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994) (disallowing copying costs because the plaintiff failed to provide evidence of the documents' use or intended use). Expenses are only alluded to on the invoices submitted by Natures Way. They are not summarized, however, nor are they clear. (Doc. 212, Exh. 2; Doc. 224, p. 25). Rather, Natures Way relies on the invoices submitted that provide cursory descriptions of the expenses, such as "travel" or "Westlaw research." (Doc. 212, Exh. 2, p. 20); Krystal Co., 918 F. Supp. 2d at 1275 (charges for Westlaw

research are a "thinly-veiled attempt to make an expense of an item of law firm overhead," and such charges are unreasonable). The motion and the affidavits submitted do not explain the expenses or argue that the charges are necessary and reasonable. (Doc. 212, Exh. 3; Doc. 223, Exhs. 1, 2). Additionally, "costs" and "expenses" are not synonymous, and the costs in this case are not properly identified. See Eagle Ins. Co. v. Johnson, 982 F. Supp. 1456, 1458 (M.D. Ala. 1997) aff'd sub nom. Eagle Ins. v. Johnson, 162 F.3d 98 (11th Cir. 1998).

In sum, there is scant evidentiary support in the record for Natures Way's claim that counsel incurred the amount of expenses requested, and without adequate documentation describing the legal work for which the expenses were incurred; it is impossible to verify reasonableness or necessity. In those cases where little or no evidentiary support is provided for the expenses requested, as is the case here, courts may reduce or deny the expenses. While this Court recognizes that the Eleventh Circuit traditionally supports reimbursing expenses, Natures Way still bears the burden of submitting a request that will enable a court to determine what expenses were incurred and whether they are entitled to them. See, e.g., Barnes, 168 F.3d at 438 (holding that a district court abused its discretion when it failed to exclude unnecessary expenses). The requested expenses are practically devoid of any such explanation, and thus, Natures Way did not meet its burden here. Accordingly, Natures Way's expenses are **DENIED.**

The Eleventh Circuit has stated that a court granting an award of attorneys' fees should provide a summary table detailing its calculation of the attorneys' fees and expenses awarded. See, e.g., Coastal Fuels, 207 F.3d at 1252; Barnes, 168 F.3d at 439. Accordingly, applying the foregoing reductions, this Court provides the following summary table for this case:

| | Amount Requested | Amount Awarded |
|---|---|---|
| **Attorneys' Fees** | $122,070 (Attorney Dantone $98,046) (Attorney Lamar $24,024) | $69,336.15 <br>• Fees for unidentified timekeepers not awarded <br>• Fees for time worked on other cases not awarded <br>• Hours for attorney Lamar reduced by 50% because he actively participated in this case and appeared before the court without proper admittance <br>• Hours reduced 10% for block billing, Lodestar = $195 x 507.96 hours <br>• Hours further reduced 30% for limited success at trial, final sum = $195 x 355.57 hours |
| **Expenses\*** | $23,000.00 | $0.00 |
| **Prejudgment Interest** | 6% per year | 3.25% per year |
| **Expert Witness Fees** | $34,093.15 | $0.00 |
| **Total** | $226,286.26 (initial request) $214,704.61 (revised request) | $69,336.15 plus prejudgment interest at 3.25% per year |

\*Approximate lump sum; not itemized as expenses or costs

## III. CONCLUSION

For the reasons stated above, Natures Way's Motion is **GRANTED IN PART** and **DENIED IN PART.** (Doc. 212). Natures Way is awarded $69,336.15 in attorneys' fees, and prejudgment interest at an annual interest rate of 3.25%. Natures Way is not awarded expert witness fees or expenses.

**DONE** and **ORDERED** this 17th day of April, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE